## APPEAL OF H. M. WAITE HARDWARE CO.

Docket No. 5298.   Promulgated May 11, 1927.

1. Additional deduction disallowed for want of proof.
2. Imposition of penalty by Commissioner for failure to file a return approved.

*Bartholomew J. Murphy, C. P. A.*, for the petitioner.
*Harold Allen, Esq.*, for the Commissioner.

In this proceeding the petitioner seeks a redetermination of its income and profits taxes for the fiscal year ending January 31, 1920, for which year the Commissioner determined a deficiency of $9,700.34. Of this amount, only $2,780.07 is in controversy.

The errors alleged are " The failure on the part of the Commissioner to include $2,000 among our expenses," and " The addition of a penalty to the amount of the tax stated by the Commissioner to be due namely 25% of *$7,840.27* or *$1,960.07.*"

With reference to the first allegation of error, the petitioner further alleges:

The Commissioner understated our purchases for the period by $2,000 calling this $2,000 an "Adjustment by Corporation of an unexplained difference on books."

This amount was charged to Surplus in the fiscal year ending January 31, 1921, as it was incurred in the fiscal year ending January 31, 1920 and not entered until it was discovered by the auditor for the taxpayer in 1921.

Apparently the petitioner's contention is that its borrowings from banks were $2,000 in excess of the amount shown on its books and that this amount should be added to the cost of goods purchased during the year.

### FINDINGS OF FACT.

The petitioner is a Massachusetts corporation with its principal office at Worcester. Substantially all of its stock was, during the year in question, owned by Fred A. Chamberlain, of Orlando, Fla., who was president of the corporation during the fiscal year here under consideration.

The petitioner did not file a return for the fiscal year ending January 31, 1920.

Some time subsequent to the time for filing returns for such fiscal year, the petitioner employed a firm of public accountants to examine its records and prepare an " amended return." The evidence does not disclose that the so-called " amended return " for the fiscal year in question was ever filed.

The petitioner's books were kept on the single-entry basis. Prior to February of 1920 no record was kept of notes payable. When this account was opened there was set up therein an amount which

represented the amount theretofore claimed by the petitioner upon certain of its income and profits-tax returns, at least one of which was not filed.

OPINION.

GREEN: It is alleged that in the return (which we have found was not filed) the petitioner set up as accounts payable the amount of $7,200 and that this amount was understated by the amount of $2,000. It is further contended that this amount should be added to expense or cost of goods purchased. The record contains no evidence as to when this amount was borrowed, the purpose for which it was borrowed, the use to which it was put, or whether it has been paid. In fact we would not be justified in finding from the record that this or any other amount had been borrowed. Chamberlain, sole witness for the petitioner, stated that the amount of $7,200 was only an estimate of the indebtedness.

Chamberlain at one time during the course of his testimony swore positively that a return had been filed for the fiscal year ending January 31, 1920. This statement by him was subsequently qualified to such an extent that it is entitled to no weight. There is in the office of the collector of internal revenue for that district no record of the filing of a return by the petitioner for the fiscal year here involved. We perceive no reason for setting aside the penalty imposed for failure to file the return, and the Commissioner's action in so doing is approved.

It was conceded at the hearing that there was a mathematical error in the computation of the deficiency and that it should be increased by the amount of $100.

*Judgment will be entered for the Commissioner.*